UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                CASE NO. 3:16-cv-874-J-34JBT

RACHEAL ANDING,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Final Judgment ("Motion") (Doc. 9). Plaintiff asks the Court to enter final default judgment in the amount of $14,908.67, plus continuing interest. (*See id.* at 2.)[2] Specifically, the requested judgment includes $11,393.22 in unpaid principal, $3,465.45 in interest through June 7, 2016, and costs of $50.00 for service of process. (*See id.* at 2, 4.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be **GRANTED** and that judgment be entered in favor of Plaintiff and

_____

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] A proposed Default Final Judgment is included with the Motion. (Doc. 9 at 4–5.)

against Defendant in the amount requested.

## I.     Background

Plaintiff filed this lawsuit on July 5, 2016, seeking to collect the amount

Defendant owes on a defaulted student loan, plus attorney's fees and costs.  (Doc.

1.)[3]  Exhibit A to Plaintiff's Complaint is a Certificate of Indebtedness executed on

June 7, 2016, by a loan analyst at the United States Department of Education.  The

exhibit states in part:

> On or about 08/13/03, the BORROWER [Defendant]
> executed a promissory note to secure a Direct
> Consolidation loan from the U.S. Department of
> Education.  This loan was disbursed for $4,066.18 and
> $6,344.90 on 10/06/03 at 3.50% interest per annum.  The
> loan was made by the Department under the William D.
> Ford Federal Direct Loan Program under Title IV, Part D
> of the Higher Education Act of 1965, as amended, 20
> U.S.C. 1087a et seq. (34 C.F.R. Part 685).    The
> Department demanded payment according to the terms of
> the note, and the BORROWER defaulted on the obligation
> on 07/17/08.  Pursuant to 34 C.F.R. § 685.202(b), a total
> of $982.14 in unpaid interest was capitalized and added to
> the principal balance.
>
> The Department has credited a total of $4,449.35 in
> payments from all sources, including Treasury Department
> offsets, if any, to the balance.

(Doc. 1-1.)  Plaintiff's Complaint further alleges that "[p]rejudgment interest accrues

at the rate of 3.50% per annum or $1.09 per day."  (Doc. 1 at 2.)

Plaintiff served the Complaint upon Defendant's spouse and co-resident,

---

[3]  The Motion does not seek an amount for attorney's fees.

Kurtlynn Anding, at their usual place of abode on July 7, 2016.  (Doc. 6 at 3.) Defendant has not appeared.  The Clerk of Court entered a default against Defendant on August 9, 2016.  (Doc. 8.)  Plaintiff filed the instant Motion on August 18, 2016 and served it on Defendant, via mail, on August 15, 2016.  (Doc. 9 at 3.) Defendant has not responded to the Motion after being given adequate time to do so.

## II.   Motion for Default Judgment

### A.   Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default,

3

but before entering a default judgment, a court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

4

plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678–79. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

Finally, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must comply with Section 3931 of the Servicemembers Civil Relief Act, which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 3931(b)(1).

## B.    Discussion

Upon review of the Complaint, the Motion, and other relevant filings, the

undersigned recommends that a default judgment be entered.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345, which provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." (*See* Doc. 1 at 1.)  Further, the Complaint adequately states a claim for which relief may be granted.  The Complaint alleges that Defendant owes a debt to the United States and the attached Certificate of Indebtedness states that Defendant executed a promissory note for a loan made by the United States Department of Education.[4]  The Complaint and attached exhibit substantiate the judgment Plaintiff requests.

Section 1921 of Title 28 of the U.S. Code authorizes imposition of the $50.00 fee for service of the Complaint and summons.  *See also Davis v. Sailormen, Inc.*, Case No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, at *2 (M.D. Fla. June 15, 2007) ("While section 1920(1) only mentions fees of the United States Marshal, fees of a private process server may be taxed, so long as they do not exceed the statutory fees authorized in § 1921 [currently generally $65.00]").

"[A] judgment by default may not be entered without a hearing  [on damages]

---

[4] The undersigned notes that Plaintiff did not attach the promissory note to the Complaint.  "[N]othing in the [F]ederal Rules of Civil Procedure requires Plaintiff to attach any document to the complaint.  A plaintiff is only required to state a short and plain statement of the claim showing that the pleader is entitled to relief.  The fact that Federal Rule of Civil Procedure 10(c) allows exhibits to be filed with the complaint does not create an affirmative duty to file such an exhibit." *United States ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) (internal quotation marks and citations omitted).

unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  Here, the judgment Plaintiff seeks is capable of mathematical calculation.  Plaintiff seeks a judgment of $14,908.67, plus pre-judgment interest at $1.09 per day from June 7, 2016 to the date of entry of judgment, plus post-judgment interest under 28 U.S.C. § 1961 thereafter.  (*See* Docs. 1 & 9.)  A hearing on damages is therefore not required.  Moreover, the recommended judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

Finally, Plaintiff has satisfied the requirements of the Servicemembers Civil Relief Act and Federal Rule of Civil Procedure 55(b).  The Non-Military Status Affidavit that is part of the Application and Declaration for Entry of Defendant's Default ("Application") (Doc. 7) attests that Defendant is not serving in the military. (*Id.* at 4–5.)  Further, the affidavit of Plaintiff's process server states that "[b]ased upon inquiry of party served [Defendant's spouse], Defendant is not in the military service of the United States of America." (Doc. 6 at 3.)  The Application also states that, upon Plaintiff's information and belief, Defendant is neither an infant nor an incompetent person.  (Doc. 7 at 1.)

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Motion (**Doc. 9**) be **GRANTED**.

2.    The Court enter an Order stating substantially the following:

"a.     The Clerk of Court is directed to enter judgment in favor of Plaintiff United States of America, and against Defendant Rachael Anding, 9158 Raptor Drive, Jacksonville, Florida 32221 in the sum of $14,908.67 [plus $1.09 per day from June 7, 2016 to the date of the Court's Order].

b.     Post judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

c.     The Clerk of Court is further directed to terminate any pending motions and close the file."

**DONE AND ENTERED** at Jacksonville, Florida, on September 15, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Pro Se Defendant

   Racheal Anding
   9158 Raptor Dr.
   Jacksonville, FL 32221